BRIGANTE v. GEORGE RINGLER & CO.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

LANDLORD AND TENANT (§ 196*)—OCCUPATION AFTER DISPOSSESSION—RIGHT TO RENT.

After a landlord had dispossessed a tenant, the fixtures and furniture of the tenant remained in the premises, and in response to a request by the tenant that the property be allowed to remain until he could secure another customer, the landlord's attorney wrote: "We shall look to you for the rental of these premises so long as your property is contained therein and we herewith fix the amount for use and occupation, etc., at the amount fixed under the lease."   Held, that the landlord was entitled to recover the rental for the use and occupation of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737–740;  Dec. Dig. § 196.*]

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District. Action by Michael Brigante against George Ringler & Co. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Strasbourger, Eschwege & Schallek, of New York City, for appellant.

Phillips, Mahoney & Wagner, of New York City (Anthony A. De Cicco, of New York City, of counsel), for respondent.

PAGE, J. This action was brought to recover for the use and occupation of certain saloon premises belonging to the plaintiff. The plaintiff dispossessed the tenant in December, 1913. The fixtures and furniture belonging to the defendant remained in the premises. Plaintiff's agent called upon the defendant and requested the secretary to remove its property. Defendant's secretary requested that the property be allowed to remain until they could get another customer. This request was repeated in a letter of the defendant to the plaintiff's attorneys. In response thereto the plaintiff's attorneys wrote:

"We shall look to you for the rental of these premises so long as your property is contained therein and we herewith fix the amount for use and occupation of said premises at the amount fixed under the lease."

Defendant did not reply to the letter, and the property remained in the premises during the month of January. The complaint was dismissed at the end of the plaintiff's case. This was error. The evidence showed a cause of action against the defendant for the use and occupation of the premises.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.